IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

ADAM MICHAEL SOVEL,

       Petitioner,  :      Case No. 2:25-cv-1194

  - vs -      District Judge James L. Graham
      Magistrate Judge Michael R. Merz

WARDEN, London Correctional
  Institution,

      :
      Respondent.

## REPORT AND RECOMMENDATIONS;
## ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*

This habeas corpus case is brought *pro se* by Petitioner Adam Michael Sovel under 28 U.S.C. § 2254 to obtain relief from his conviction in the Ashtabula County Court of Common Pleas on six counts of pandering obscenity involving a minor or impaired person in violation of Ohio Revised Code § 2907.321(A)(1)(C) for which he was sentenced to an aggregate term of imprisonment of forty-two to forty-four and one-half years (Petition, ECF No. 1).

Petitioner accompanied his Petition with an Affidavit of indigence (ECF No. 2) which establishes to the Court's satisfaction that he should be, and he hereby is, granted leave to proceed *in forma pauperis*.

Under Rule 4 of the Rules Governing Proceedings under 28 U.S.C. § 2254, a habeas corpus petition is to be forwarded upon filing to a judge of the Court "under the court's assignment procedure." This case was therefore randomly assigned to District Judge James L. Graham upon

1

filing. Under the Court's Amended General Order 22-05, the case is then randomly assigned to one of the Court's Magistrate Judges for all further proceedings until final decision. By that process, the case was referred to the undersigned.

Under Rule 4, the judge must "promptly examine" the petition. Rule 4 then provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."

The undersigned has examined the Petition and finds that Petitioner has pleaded the following two grounds for relief:

> **GROUND ONE:** Petitioner was denied Due Process, in violation of the 14th Amendment of U.S. Constitution, when the State of Ohio failed to produce legally sufficient evidence to sustain a conviction.
>
> **Supporting Facts:** The State of Ohio failed at any point to satisfy a crucial element: Venue. There was no proof presented that Mr. Sovel created, reproduced, or published any of the five exhibits claimed to be obscenity while in Ashtabula County. The Prosecution offered no indication of GPS, triangulation, or admission from Mr. Sovel that creation, reproduction, or publication occurred inside the jurisdiction of the County. The State could only point to Mr. Sovel's cellphone was located in his home. Mr. Sovel was able to testify that his employment for the past few years took him from Cleveland to Akron to Youngstown. Mr. Sovel was charged with creating, reproducing or publishing obscenities, in violation of R.C. 2907.321 , but not the offense of possession them, in violation of R.C. 2907.321(A)(5). The Prosecution admits the reproduction or publishing (there were no allegation that Mr. Sovel created these videos) happens at the moment of transmission according to them. Since the State of Ohio could not show where these videos were specifically created, reproduced or published, they failed to satisfy the critical element of the offenses as charged in the indictment.
>
> Mr. Sovel voluntarily released his cell phone for examination by the forensic expert. The Forensic Expert testified that she was unable to find any relevant data on the devise [sic] to support the State's contention or theory regarding the offenses.

2

> **Ground Two:** The trial court abused its discretion and violated Mr. Sovel's right to Due Process under the 14th Amendment of the U.S. Constitution, when it Overruled Defense Crim. R. 29 (A) and (C).
>
> **Supporting Facts:** Through Defense Counsel Mr. Sovel submitted A Criminal Rule 29 (A) & (C) Motions for Acquittal, arguing in part that the State's [sic] of Ohio failed to properly establish proper venue. The matter was presented at the end of States [sic] case-in-chief, and again at the end of the Defense's case argument. During the trial the State failed to specifically determine where the images were created. Mr. Sovel was able to demonstrate that while his cell phone was located in his home, there were no indications where the alleged acts occurred. Mr. Sovel testified that his employment for the past few years, had him traveling from Cleveland to Akron to Youngstown, within Ohio. Again, Mr. Sovel notes that the State of Ohio sought ONLY to charge him with violating R.C. 2907.32l(A)(l) creating reproducing or publishing obscenities, and not the offense of possession them under R.C. 2907.32l(A)(5). The Prosecution admitted the reproduction or publishing (there were no allegations Mr. Sovel created those videos) happens at the moment of transmission according to their position.

(Petition, ECF No. 1, PageID 4-6).

As Petitioner was obliged to do to exhaust available state court remedies before filing in this Court, he took a direct appeal to the Ohio Court of Appeals for the Eleventh District. That court's decision affirming the convictions is reported at *State v. Sovel*, 2023-Ohio-4867 (Ohio App. 11th Dist. Dec. 29, 2023). The appeals court confirmed what has long been the law in Ohio, to wit, that venue is not an element of any crime. *Id.* at ¶ 11, citing *State v. Headley*, 6 Ohio St.3d 475, 477, 453 N.E.2d 716 (1983). The Court of Appeals decided that the evidence presented satisfied the venue requirements of Ohio law. Dissatisfied with that result, Petitioner has filed the instant Petition, raising the same issues he raised before the Eleventh District.

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is

3

not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

Under the Fourteenth Amendment, the State must produce sufficient evidence of every material element of a crime. *Jackson v. Virginia,* 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson*, 443 U.S. at 319; *Smith v. Nagy*, 962 F.3d 192, 205 (6th Cir. 2020) (quoting *Jackson*). This standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* (quoting *Jackson*, 443 U.S. at 324). This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.*

As the Eleventh District confirmed, venue is not an element of the crime with which Petitioner was charged. Thus the question whether the Eleventh District was correct or not in finding that venue had been sufficiently proved is not a question this Court can consider. It does

4

not raise a federal constitutional issue.

Because venue is not an element of the offense with which Petitioner was charged, the sufficiency of the evidence to prove venue is not a constitutional question. Therefore the Petition does not state a claim upon which habeas corpus relief can be granted.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

October 14, 2025.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.