**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

ADAM MICHAEL SOVEL,

        Petitioner,       :       Case No. 2:25-cv-1194

    - vs -                         District Judge James L. Graham
                                      Magistrate Judge Michael R. Merz

WARDEN, London Correctional
  Institution,

        Respondent.      :

## DECISION AND ORDER

      This habeas corpus case, brought *pro se* by Petitioner Adam Michael Sovel to obtain relief from his conviction in the Ashtabula County Court of Common Pleas on six counts of pandering obscenity involving a minor or impaired person, is before the Court on Petitioner's Objections (ECF No. 4) to the Magistrate Judge's Report and Recommendations recommending dismissal for failure to state a claim under the United States Constitution on which this Court could grant habeas corpus relief (the "Report," ECF No. 3).

      As required by 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b), the Court has reviewed *de novo* the Report with particular attention to those portions objected to by Petitioner. Having done so, the Court finds the objections are without merit and they are OVERRULED for the reasons set forth below.

      The Petition pleads two grounds for relief:

1

**GROUND ONE:** Petitioner was denied Due Process, in violation of the 14th Amendment of U.S. Constitution, when the State of Ohio failed to produce legally sufficient evidence to sustain a conviction.

**Supporting Facts:** The State of Ohio failed at any point to satisfy a crucial element: Venue. There was no proof presented that Mr. Sovel created, reproduced, or published any of the five exhibits claimed to be obscenity while in Ashtabula County. The Prosecution offered no indication of GPS, triangulation, or admission from Mr. Sovel that creation, reproduction, or publication occurred inside the jurisdiction of the County. The State could only point to Mr. Sovel's cellphone was located in his home. Mr. Sovel was able to testify that his employment for the past few years took him from Cleveland to Akron to Youngstown. Mr. Sovel was charged with creating, reproducing or publishing obscenities, in violation of R.C. 2907.321 , but not the offense of possession them, in violation of R.C. 2907.321(A)(5). The Prosecution admits the reproduction or publishing (there were no allegation that Mr. Sovel created these videos) happens at the moment of transmission according to them. Since the State of Ohio could not show where these videos were specifically created, reproduced or published, they failed to satisfy the critical element of the offenses as charged in the indictment.

Mr. Sovel voluntarily released his cell phone for examination by the forensic expert. The Forensic Expert testified that she was unable to find any relevant data on the devise [sic] to support the State's contention or theory regarding the offenses.

**Ground Two:** The trial court abused its discretion and violated Mr. Sovel's right to Due Process under the 14th Amendment of the U.S. Constitution, when it Overruled Defense Crim. R. 29 (A) and (C).

**Supporting Facts:** Through Defense Counsel Mr. Sovel submitted A Criminal Rule 29 (A) & (C) Motions for Acquittal, arguing in part that the State's [sic] of Ohio failed to properly establish proper venue. The matter was presented at the end of States [sic] case-in-chief, and again at the end of the Defense's case argument. During the trial the State failed to specifically determine where the images were created. Mr. Sovel was able to demonstrate that while his cell phone was located in his home, there were no indications where the alleged acts occurred. Mr. Sovel testified that his employment for the past few years, had him traveling from Cleveland to Akron to Youngstown, within Ohio. Again, Mr. Sovel notes that the State of Ohio sought ONLY to charge him with violating R.C. 2907.32l(A)(l) creating reproducing or publishing obscenities, and

> not the offense of possession them under R.C. 2907.32l(A)(5). The Prosecution admitted the reproduction or publishing (there were no allegations Mr. Sovel created those videos) happens at the moment of transmission according to their position.

(Petition, ECF No. 1, PageID 4-6).

The Magistrate Judge found Petitioner, represented by counsel, had properly exhausted these claims by raising them on direct appeal to the Ohio Court of Appeals for the Eleventh District. However, that court affirmed the conviction, holding that the State had presented sufficient evidence to prove venue in Ashtabula County. *State v. Sovel*, 2023-Ohio-4867 (Ohio App. 11th Dist. Dec. 29, 2023). In the course of its opinion the Eleventh District reiterated what has long been a tenet of Ohio law that venue, while it must be proved, it not an element of the crimes of which petitioner was convicted, or indeed of any Ohio crime. *Id.* at ¶ 11, citing *State v. Headley*, 6 Ohio St.3d 475, 477, 453 N.E.2d 716 (1983).

Petitioner objects that his claim is that the trial court lacked jurisdiction to try him which he says is a "structural" issue and one of Due Process and Equal Protection. Petitioner was tried and convicted in the Common Pleas Court of Ashtabula County, Ohio. Ohio Common Pleas courts are courts of general jurisdiction, which means they have authority to decide their own jurisdiction in the first instance. *State ex rel. Winnefeld v. Court of Common Pleas of Butler County,* 159 Ohio St. 225 (1953); *State ex rel Miller v. Court of Common Pleas of Lake County*, 151 Ohio St. 397 (1949). That determination is subject to review on appeal. *State ex rel. Heimann v. George*, 45 Ohio St. 2d 231 (1976). Jurisdiction to try felony cases is assigned by Ohio law to Common Pleas Courts. The question of which Common Pleas Court is to try a given felony case – the question of proper venue – is an issue of Ohio law, not federal constitutional law. Here Petitioner raised an objection to venue in the trial court and appealed an adverse decision to the Ohio Court of Appeals. This Court has no authority to review that decision because it is not controlled by federal law.

3

Whether or not the Eleventh District was wrong as a matter of Ohio law is not a question this Court is empowered to decide. "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993).

Petitioner is correct when he states "This Court has the authority to correct federal constitutional violation[s]." (Objections, ECF No. 4, PageID 19). The flaw in the argument is that the United States Supreme Court has never held it is a violation of the Due Process Clause[1] for a State to try a case in what is, under state law, the arguably wrong venue. To put it another way, Petitioner has presented no United States Supreme Court precedent to which the Eleventh District's decision is contrary. See 28 U.S.C. § 2254(d)(1).

## Conclusion

Having review the Report in light of the Objections, the Court concludes the Objections are without merit and they are OVERRULED. The Report is hereby adopted. The Clerk will entered judgment dismissing the Petition with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

October 27, 2025.

s/James L. Graham
James L. Graham
United States District Judge

---

[1] Petitioner also cites the Equal Protection Clause but does not make any argument that a similarly situated Ohio criminal defendant has been treated more favorably than himself on some invidiously discriminatory basis.